68 F.3d 475
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William G. STEWARD, Plaintiff-Appellant,
v.
BASF CORPORATION; Oil, Chemical and Atomic Workers
International Union, AFL-CIO, Local 7-390,
Defendants-Appellees.
 No. 94-1773.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1995.
 
 1
 Before: KEITH, DAUGHTREY and PHILLIPS,* Circuit Judges.
 
 ORDER
 
 2
 William Steward appeals from the summary judgment for the defendants in this action based on employment discrimination and breach of contract. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 William Steward, a Michigan resident, brought an action grounded in claims of race and age discrimination in employment against his former employer (BASF Corporation) and his former union (Oil, Chemical and Atomic Workers International Union, Local 7-390). The defendants eventually moved for summary judgment and the district court granted this motion in its entirety. This appeal followed. The parties have briefed the issues; Steward is proceeding without benefit of an attorney.
 
 
 4
 Steward is an African-American male who was born in 1944. On January 27, 1991, BASF hired Steward and assigned him to work at their plant in Wyoming, Michigan. Steward became a member of the Oil, Chemical and Atomic Workers Union after thirty days on the job.
 
 
 5
 BASF hired Steward as a displaced worker through a program administered by the Michigan Employment Security Commission (MESC) pursuant to the Job Partnership Training Act (JPTA). The contract between BASF and MESC provided that Steward was to be trained for a minimum number of hours in six specified areas in anticipation of his assuming full-time status as a packaging equipment operator.
 
 
 6
 Steward was hired as a probationary employee with a probationary period of 90 days, after which he was discharged for poor performance. The Union contested this decision by filing a grievance, but did not pursue arbitration after the unsuccessful resolution of the grievance.
 
 
 7
 Steward thereafter initiated the present action in which he contended that he was discriminated against because of his race and age. His claims for relief are set forth variously under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act (ADEA), the Michigan Elliott-Larsen Civil Rights Act and a breach of contract theory based on the Job Partnership Training contract between BASF and MESC.
 
 
 8
 The district court granted summary judgment for the defendants on all claims. The court first noted that Steward had failed to present any direct evidence of his discrimination claims and that he could not satisfy his burden to set forth a prima facie case against either party. The court also concluded that his breach of contract claim lacked factual or legal support.
 
 
 9
 Steward's pro se appellate brief contains references to the Job Partnership contract as well as the BASF/Union grievance procedure. Steward alludes to discriminatory motives of various company and union officials and alleges for the first time that his replacement was not the person previously identified and that he was, in fact, a younger individual.
 
 
 10
 Generally, summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine", a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 11
 Steward did not set forth any direct evidence of discrimination under Title VII or the ADEA or, consequently, the Elliott-Larsen Act. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir.1990) (Elliott-Larsen race/age plaintiff must satisfy same evidentiary burdens imposed under Title VII and ADEA). Thus, Steward bore the burden of establishing a prima facie case of intentional race or age discrimination under the framework in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). This contemplates a showing that: 1) he is a member of a protected class; 2) he was subject to an adverse employment action or was discharged; 3) he was qualified for the position; and, 4) he was replaced by a person outside of the protected class. Id.
 
 
 12
 Steward clearly satisfied the first two prongs of McDonnell Douglas, but he just as clearly failed to satisfy the latter two elements. Steward is an African-American and he was discharged from his position. There is a complete absence of non-anecdotal evidence, however, to show that he is qualified for the position. The evidence of record affirmatively indicates that Steward was not qualified for his position. Indeed, Steward's discrimination claims are further weakened by the evidence that he was replaced by an older individual, and that at least one of the positions he claims was denied him because of his race went to another African-American. There is no question of material fact on the record before the court on any of the intentional discrimination claims.
 
 
 13
 Steward also contends that the union joined in the discrimination by acquiescing in BASF's actions and in not taking his discharge to arbitration. The collective bargaining agreement reflects, however, that there was no aspect of Steward's termination to litigate. The collective bargaining agreement specifically reserves to BASF the unfettered right to terminate any probationary employee within their 90 day probationary period. This claim lacks merit.
 
 
 14
 Steward also claimed that there was a breach of the contract between MESC and BASF. The manifestations of the breach include the aforementioned claims of discrimination as well as a failure to train Steward to assume the job he was originally hired to do.
 
 
 15
 It is, at best, problematic as to Steward's standing to sue on a contract to which he was not a party. Even if standing is conceded, however, he has no claim. The discrimination claims are, as noted, meritless. In addition, Steward conceded under oath that BASF satisfied the specific training requirements of paragraph 8 of the contract.
 
 
 16
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable J. Dickson Phillips, Jr., Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation